# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 16, 2020

```
* * * * * * * * * * * * *
INDIGO GRANT,                        *
Parent and natural guardian of       *   UNPUBLISHED
M.G., a minor,                       *
                                     *   No. 17-1816V
                  Petitioner,        *
v.                                   *   Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *   Dismissal; Failure to Prosecute;
AND HUMAN SERVICES,                  *   Insufficient Proof.
                                     *
                  Respondent.        *
* * * * * * * * * * * * *
```

*Indigo Grant*, Middletown, NY, *pro se* petitioner.
*Adriana R. Teitel*, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On November 20, 2017, Indigo Grant, as parent and natural guardian of her minor daughter M.G. ("petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petitioner's claim relates to M.G.'s receipt of diptheria-tetanus-acellular pertussis ("DTaP"), Haemophilus influenzae type B ("Hib"), and inactivated polio virus ("IPV") vaccines on December 30, 2014, as well as DTaP, Hib, IPV, and Pneumococcal vaccines on February 26, 2015. Petitioner alleges that as a result of these vaccines, M.G. suffered sepsis, severe dermal reactions, and eventually death on January 13, 2016. Petition (ECF No. 1). The information in the record, however, does not show entitlement to an award from the Vaccine Program.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

I.   **Procedural History**[3]

Before filing this petition, petitioner was initially in contact with one attorney with experience in the Vaccine Program, Mr. Bruce W. Slane.[4] He obtained some of the medical records, then referred her case to attorney Renee J. Gentry. Ms. Gentry filed the petition, all records in support of the claim, and a statement of completion. After conducting a preliminary review of the case, on April 26, 2018, I ordered petitioner and Ms. Gentry to file an expert report in support of vaccine causation. Scheduling Order (ECF No. 16). After receiving several extensions of time totaling almost one year, on April 5, 2019, Ms. Gentry filed a motion to withdraw from this case. Mot. To Withdraw (ECF No. 27). On July 10, 2019, I held a telephonic status conference with petitioner, her counsel Ms. Gentry, and respondent's counsel. I stated that petitioner had the burden of supporting her claim via an expert report. Despite significant time and assistance from experienced counsel, she had not filed an expert report to date. Petitioner asserted that she was working to obtain additional medical records, timestamped photographs, toxicology testing, genetic testing, and an expert report. Ms. Gentry agreed to remain in the case and file those materials electronically for her. Accordingly, I deferred ruling on counsel's application for interim attorneys' fees and costs and counsel's motion to withdraw. Petitioner was ordered to file the additional materials and a supplemental statement of completion within 60 days, by September 13, 2019. Scheduling Order filed July 15, 2019 (ECF No. 38). Petitioner did not meet that deadline. Ms. Gentry secured an extension of time for petitioner to file the promised materials by October 17, 2019. Petitioner did not meet that deadline.

On October 17, 2019, Ms. Gentry filed a status report providing that repeated efforts to reach the petitioner had been unsuccessful. ECF No. 41. Ms. Gentry respectfully requested that her motion to withdraw be granted. *Id.* On October 29, 2019, I awarded Ms. Gentry interim attorneys' fees and costs. ECF No. 42.

After judgment entered on the award of interim attorneys' fees, on December 12, 2019, I granted Ms. Gentry's motion to withdraw from this case, leaving petitioner *pro se*. ECF No. 45. Also on December 12, 2019, I issued an "Order to Show Cause", which stated:

> In summary, for at least eight months, since April 2019, petitioner has been aware of her attorney's intention to withdraw from this claim. Throughout that time,

---

[3] A more fulsome recitation of the underlying facts of the case, as well as the procedural history leading up to October 29, 2019, may be found in the decision awarding interim attorneys' fees and costs to petitioner's counsel in light of her motion to withdraw from the case. ECF No. 42, also available at 2019 WL 6588294 (Fed. Cl. Spec. Mstr. Oct. 29, 2019). That opinion is incorporated herein as though set forth in full.

[4] On November 2, 2016, petitioner, represented by Mr. Slane, filed a petition alleging injuries on behalf of her son, whose initials are also M.G. "After the filing of medical records, Respondent's Rule 4(c) report, and a round of initial expert reports from both sides, petitioner reported that [Mr. Slane] would be withdrawing." Mr. Slane was awarded interim attorneys' fees and costs. *Grant v. Sec'y of Health & Human Servs.*, No. 16-1446V, 2018 WL 58232137 (Fed. Cl. Spec. Mstr. Sept. 18, 2018). He subsequently withdrew from the case. The special master repeatedly directed petitioner to file a supplemental expert report. She failed to do so. Her case was ultimately dismissed for failure to prosecute and for insufficient proof. *Grant*, No. 16-1446V, 2019 WL 1061514 (Fed. Cl. Spec. Mstr. Jan. 18, 2019).

petitioner has been aware that she needed to retain other counsel or pursue this claim *pro se*. This would include obtaining an expert report in support of vaccine causation, as well as the additional evidence offered by petitioner during the July 2019 status conference. Petitioner has failed to file any of these materials or any other communications with the Court over the past eight months. This is inexcusable.

Order to Show Cause (ECF No. 47) at 2. Petitioner was "warned that her inaction and failure to abide by court orders may be interpreted as a failure to prosecute the claim, which can result in the dismissal of the petition. *See Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 1992, *aff'd per curiam without opin.*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl 503 (1996); Vaccine Rule 21(b)." *Id.* Petitioner was "**ORDERED to file an expert report in support of her claim, additional photographs, medical records, testing, and a suppemental statement of completion** (as detailed in my order filed July 15, 2019 (ECF No. 38)) **OR show other cause why the petition should not be dismissed within 30 days, by Monday, January 13, 2020.**" *Id.* (emphasis in the original). "**Failure to file a response to this Order to Show Cause will be interpreted as a failure to prosecute this claim, which will result in the dismissal of the petition.**" *Id.* (emphasis in the original). The Order to Show Cause was sent to petitioner at her last known address by certified mail. The deadline has passed and petitioner has not responded.

## II. Analysis

Petitioner's claim may properly be dismissed for failure to comply with my orders. A petitioner's inaction and failure to abide by a special master's order risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 1992, *aff'd per curiam without opin.*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl 503 (1996); Vaccine Rule 21(b). Petitioner has not complied with multiple orders, dating back to April 2018, to file an expert report. After her counsel announced her intention to withdraw from the case in April 2019 but graciously offered to stay on temporarily to assist petitioner to file documents and communicate with the Court, petitioner seemed cooperative. But following the status conference in July 2019, petitioner discontinued contact with the attorney and with the court. I have provided petitioner more than enough time to prosecute this case first with the assistance of counsel, and then *pro se*, but she has not complied.

Additionally, petitioner's claim may properly be dismissed on substantive grounds. A petitioner has the burden of establishing entitlement to compensation through one of two ways. The first way is to establish that the vaccinee suffered a "Table Injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). In the present case, petitioner does not allege, nor do the medical records indicate, that her minor daughter M.G. suffered a Table Injury.

Thus, petitioner must proceed on the second route – she must establish that the vaccine actually caused (or "caused in fact") the onset or significant aggravation of a condition suffered by M.G. § 300aa-13(a)(1)(A). Under the relevant test, petitioner must establish (1) a medical

theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). Here, the medical records do not establish that any vaccines received by her minor daughter M.G. actually caused any of M.G.'s injuries or her death. Thus, I directed petitioner to file an expert report. At the start of the case, she was represented by an attorney with significant experience in the Vaccine Program, who was not able to obtain an expert report. The attorney then filed a motion to withdraw from the case. Upon reviewing the motion for interim attorneys' fees and costs – which respondent challenged, questioning whether there was reasonable basis to file the petition – I repeated the need for an expert report. ECF No. 42 at 8-9, also at 2019 WL 6588294 at *6-7. However, that was never filed. Therefore, it is appropriate to dismiss petitioner's claim for insufficient proof.

## III.   Conclusion

This case is dismissed for failure to prosecute and for insufficient proof. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).